OPINION
{¶ 1} Anthony Jordan was indicted for having weapons under disability and tampering with evidence. Pursuant to plea negotiations, Jordan pleaded guilty to the reduced charge of attempted tampering with evidence, the weapons under disability charge was dismissed, and Jordan was sentenced to an agreed-upon term of eight months.
 {¶ 2} Jordan moved pro se for credit against his sentence for 28 days spent in the Montgomery County jail. Jordan had been given credit for 87 days spent in the Clark County jail after being transferred from Montgomery County.
 {¶ 3} The State opposed giving Jordan credit for his Montgomery County jail time because "it (did) not pertain to this case."
 {¶ 4} Jordan had relied upon R.C. 2949.08(C)(1), providing that a sentence shall be reduced "by the total number of days the person was confined for any reason arising out of the offense for which the personwas convicted and sentenced. . . ." (Emphasis ours).
 {¶ 5} Jordan timely appealed the denial of jail time credit.
 {¶ 6} In his appellate brief, to which the State has not responded, Jordan claims entitlement to credit for the 28 days he spent in the Montgomery County jail, citing R.C. 2967.191, which contains entitlement language identical to that of R.C. 2949.08(C)(1), quoted above.
 {¶ 7} Jordan contends that the 28 days spent in the Montgomery County jail are within the reach of the above statutes because his parole officer, who took him into custody on account of the weapons under disability and tampering with evidence charges and lodged him in the Montgomery County jail for 28 days, never took any steps to revoke his parole for the offense for which he was on parole. Hence, he argues, these 28 days are attributable to the reduced charge of attempted tampering with evidence.
 {¶ 8} We do not reach the merits of this appeal. The eight-month sentence was imposed September 25, 2002. With 87 days credit for time spent in the Clark County jail, Jordan would have been released, at the latest, in late February, 2003. On December 15, 2003, we were informed, pursuant to our inquiry, by the Ohio Department of Corrections that Jordan is no longer in prison.
 {¶ 9} Even if Jordan's appeal were meritorious, we could afford him no remedy.
 {¶ 10} Accordingly, this appeal will be dismissed as moot.
Brogan, J. and Grady, J., concur.