[Cite as *State v. Dewey*, 2013-Ohio-4942.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

CHRISTOPHER D. DEWEY

      Defendant-Appellant


Appellate Case No.    25676

Trial Court Case No.   2011-CR-726


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 8th day of November, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting
Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts
Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

CHRISTOPHER D. DEWEY, 1585 West Stroop Road, Kettering, Ohio 45439
      Defendant-Appellant-*Pro Se*

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} In this case we are asked to decide if Appellant, Christopher D. Dewey, pro se, is entitled to additional jail time credit. Dewey has been released from incarceration in this case. Therefore, the issue is moot.

{¶ 2} Dewey was sentenced to two years in prison. The trial court granted him 34 days jail time credit. He filed a motion with the court claiming that he was entitled to an additional credit of 155 days. The trial court determined that Dewey was entitled to 15 days of jail time credit. Dewey appealed this determination and we affirmed the trial court on May 24, 2013. *State v. Dewey*, 2d Dist. Montgomery No. 25515, 2013-Ohio-2118.

{¶ 3} However, Dewey contends the trial court order created an ambiguity, because the Department of Rehabilitation and Correction subsequently extended his release date. Dewey advocates that the trial court's order should have been interpreted to mean that he was entitled to an additional 15 days credit to the 34 he already received. Dewey filed a motion with the trial court to correct the "clerical mistake." On February 21, 2013, the trial court overruled Dewey's motion by stating that 15 days "is the appropriate jail time credit Mr. Dewey is entitled to receive." Dewey appeals from this order.

{¶ 4} Dewey's assignment of error states:

TRIAL COURT ERRORED [SIC] AND VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS WHEN IT REFUSED TO GRANT APPELLANT WITH THE PROPER NUMBER OF DAYS OF JAIL TIME CREDIT.

{¶ 5} The State represented to us that Dewey has been released from prison on this

conviction. Dewey did not contest this fact. Once an inmate has served his sentence and has been released from prison, any error relating to the calculation of jail time credit is moot. *State ex rel. Gordon v. Murphy,* 112 Ohio St.3d 329, 2006-Ohio 6572, 859 N.E.2d 928, ¶ 6, *State v. Jordan*, 2d Dist. Clark No. 2002CA110, 2004-Ohio-166, ¶ 8, *State v. Feagin*, 6th Dist. Huron No. H-12-014, 2013-Ohio-1837, ¶ 5.

**{¶ 6}**  Even if Dewey's appeal were meritorious, we could afford him no remedy.

**{¶ 7}**  Accordingly, this appeal will be dismissed as moot with costs to be paid by Appellant.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Christopher D. Dewey
Hon. Michael Tucker