[Cite as *State v. Adams*, **2018-Ohio-4877.**]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-7 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-080 |
| | : | |
| ROGER AARON ADAMS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of December, 2018.

. . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Champaign County Prosecutor's Office, Appellate Division, 200 N. Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

MARK J. BAMBERGER, Atty. Reg. No. 0082053, P.O. Box 189, Spring Valley, Ohio 45370
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Roger Aaron Adams contends that his jail-time credit was not deducted from the prison sentence that he served for violating community control. Because Adams has finished serving the sentence and been released, we dismiss the appeal as moot.

## I. Facts and Proceedings

{¶ 2} Adams pleaded guilty to one count of theft and was sentenced to two years of community control. The trial court warned him that if he violated community control and it was revoked, an 11-month prison sentence would be imposed.

{¶ 3} Adams violated community control. The trial court revoked it and imposed an 11-month prison sentence. But the court left it up to the Ohio Department of Rehabilitation and Corrections (ODRC) to decide whether, under R.C. 2929.15(B)(1)(c), Adams could serve only 90 days. If that were the case, the court stated that he should be released after 90 days. The trial court also found that Adams had 34 days of jail-time credit.

{¶ 4} Adams appeals.

## II. Analysis

{¶ 5} Adams's sole assignment of error alleges:

THE TRIAL COURT FAILED TO PROPERLY CONSIDER TIME SERVED

AS PART OF THE REVISED SENTENCING.

{¶ 6} While this appeal was pending, Adams served 90 days in prison and was released. Adams admits that he completed his sentence. "Once an inmate has served his sentence and has been released from prison, any error relating to the calculation of jail time credit is moot." *State v. Dewey*, 2d Dist. Montgomery No. 25676, 2013-Ohio-4942, ¶ 5, citing *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, 859 N.E.2d

928, ¶ 6, *State v. Jordan*, 2d Dist. Clark No. 2002 CA 110, 2004-Ohio-166, ¶ 8, and *State v. Feagin*, 6th Dist. Huron No. H-12-014, 2013-Ohio-1837, ¶ 5. Adams recognizes this problem, but he asks for "reasonable restitution by the State for the time he was deprived of his freedom." Specifically, he asks that the court costs and restitution that he was originally ordered to pay be "forgiven." Adams says that he "sees his forgiveness of further debts owed as a reasonable conclusion to the issue for him and sufficient punishment [to the State] to make sure this does not continue to happen to similarly-situated and vulnerable defendants in the future."

{¶ 7} The trial court credited Adams with the number of days to which he believed he was entitled as jail-time credit. The court mentioned these days at the hearing and included a detailed calculation in the judgment of conviction. It appears that the ODRC simply failed to deduct these 34 days from the 90 days that it concluded he had to serve.

{¶ 8} It is unfortunate that Adams had to spend the extra time in prison, but we cannot grant him the remedy that he seeks. Under the standard of review that applies to sentences, we may modify a sentence or vacate the sentence and remand for resentencing only if we clearly and convincingly find that either the record does not support the sentence or the sentence imposed is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22, citing R.C. 2953.08(G)(2). There was nothing unlawful about the sentence that the trial court imposed here, and the sentence appears to have been supported by the record. We cannot grant relief as to a sentence that Adams has already served, nor can we grant monetary relief.

### III. Conclusion

{¶ 9} This appeal is dismissed as moot.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.


Copies sent to:

Jane A. Napier
Mark J. Bamberger
Hon. Nick A. Selvaggio