OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Joseph McCall, appeals the decision of the Mahoning County Court of Common Pleas which, after a remand from this Court for resentencing, imposed the maximum possible prison sentence. McCall's appellate counsel has filed a no-merit brief and seeks to withdraw as counsel. Although McCall has not been notified of the fact that counsel filed a no-merit brief, this is irrelevant since the only issues McCall could appeal would be sentencing issues, he never requested a stay and has finished serving his term of imprisonment. Accordingly, any issue dealing with sentencing is rendered moot and this appeal is dismissed.
 Facts {¶ 2} This is the second time the underlying case has been appealed to this Court. In State v. McCall,152 Ohio App.3d 377, 2003-Ohio-1603, we affirmed McCall's conviction, but vacated his sentence and remanded the case for resentencing.
 {¶ 3} McCall was arrested on December 18, 1998. He was later indicted on two charges, aggravated burglary with a firearm specification and carrying a concealed weapon. He has been incarcerated since his arrest because he was unable to post bond. Eventually, McCall entered into a plea agreement. Under that agreement, McCall pled no contest to carrying a concealed weapon and burglary. The trial court sentenced McCall to eighteen months imprisonment for carrying a concealed weapon and five years imprisonment for burglary, the maximum possible prison term for each offense, and ordered that those terms be served concurrently. McCall appealed that decision to this Court. We affirmed McCall's conviction, concluding that his speedy trial rights were not violated, but concluded that the trial court did not provide the reasons for imposing the maximum sentence. Accordingly, we vacated McCall's sentence and remanded the matter for resentencing.
 {¶ 4} Less than one month after our decision, the trial court held a second sentencing hearing, at the conclusion of which imposed eighteen months imprisonment for carrying a concealed weapon to be served concurrent to a five-year term of imprisonment for burglary.
 {¶ 5} McCall timely appealed the trial court's judgment entry and was appointed new appellate counsel. At no time has McCall ever requested that execution of his sentence be stayed. His appellate counsel has filed a no-merit brief, but counsel and this Court have been unable to notify McCall that his counsel filed a no-merit brief. The Clerk attempted service of this Court's February 18, 2004 journal entry on February 27, 2004 notifying McCall of this fact at his last known address but service failed. Due to the failure of service upon McCall, this Court contacted McCall's counsel in April for a current address but counsel indicated that she had no information but knew that he was no longer in jail.
 Analysis {¶ 6} Although there are due process concerns regarding the fact that McCall has not been notified that his counsel filed a no-merit brief, those concerns are irrelevant since this appeal is moot.
 {¶ 7} McCall was first arrested for his crimes on December 18, 1998, and never posted bail for those crimes. Thus, when taking into account the sentence he was given and credit for time served, McCall completed his sentence in December 2003. Absent any facts to the contrary we must presume regularity and assume that McCall has completed his sentence. State v. Berndt (1987),29 Ohio St.3d 3, 4-5; State v. Hayes (Jan. 13, 1994), 8th Dist. No. 64239. In addition, McCall's attorney has notified this Court that McCall is no longer in prison, and the Department of Corrections website confirms that McCall was released on 12/13/03. See http://www.drc.state.oh.us/search2.htm. This Court may consider this fact since "an event that causes a case to become moot may be proved by extrinsic evidence outside the record." Miner v. Witt (1910), 82 Ohio St. 237, 239, quotingMills v. Green (1895), 159 U.S. 651, 653; see also Pewitt v.Lorain Correctional Inst. (1992), 64 Ohio St.3d 470, 472.
 {¶ 8} Of course, an appeal challenging a felony conviction is not moot even if the entire sentence has been served before the appeal is decided, because there are many adverse collateral disabilities that accompany a felony conviction even after the sentence has been served. State v. Golston (1994),71 Ohio St.3d 224, syllabus. However, this does not apply when a defendant is only challenging the correctness of the felony sentence itself. State v. Verdream, 7th Dist. No. 02 CA 222, 2003-Ohio-7284, ¶ 13. "If an individual has already served his sentence and is only questioning whether or not the sentence was correct, there is no remedy that we can apply that would have any effect in the absence of a reversal of the underlying conviction." Id.
 {¶ 9} In this appeal, McCall cannot challenge his conviction since that conviction was affirmed in our previous decision. The only issues he could possibly appeal deal with sentencing. Since McCall did not request that his sentence be stayed, any sentencing issue is now moot due to his release from prison, and this appeal is dismissed.
Waite, P.J., concurs.
Donofrio, J., concurs.