[Cite as *Freedom Mtge Corp. v. Boston*, 2016-Ohio-7016.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| FREEDOM MORTGAGE CORP. | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 14 CO 0036 |
| VS. | ) | |
| | ) | OPINION |
| RICHARD BOSTON and HILDA BOSTON | ) | AND |
| | ) | JUDGMENT ENTRY |
| | ) | |
| INTERVENOR-PLAINTIFFS-APPELLANTS | ) | |
| | ) | |

CHARACTER OF PROCEEDINGS: Civil appeal of a Motion to Intervene in the Court of Common Pleas of Columbiana County, Ohio Case No. 12 CV 289

JUDGMENT: Dismissed.

APPEARANCES:
For Plaintiff-Appellee

Attorney Rick DeBlasis
120 East Fourth Street, Suite 800
Cincinnati, Ohio 45202

For Intervenor-Plaintiffs-Appellants

Attorney Thomas Sanborn
3770 Starr Centre Drive
Canfield, Ohio 44406

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: September 22, 2016

PER CURIAM.

{¶1} Appellants Richard and Hilda Boston filed an appeal of a judgment of the Columbiana County Court of Common Pleas denying their motion to intervene in a foreclosure action. In November 2012, Appellants had been the high bidders in a sheriff's sale of foreclosed property located at 16312 Spring Valley Road in Salineville, Ohio, but that sale was later vacated by the trial court. Appellants sought to intervene in the foreclosure action to challenge the vacated order, but their motion was denied, leading to a prior appeal, *Freedom Mtge. Corp. v. Milhoan*, 7th Dist. No. 13 CO 15, 2014-Ohio-881. The result of the prior appeal was that the case was remanded for the court to accept the motion to intervene and to reconsider its ruling on the motion to vacate. It appears, though, that during the course of that first appeal, the issue under review became moot. Appellants had failed to seek a timely stay of execution of the trial court judgment prior to the conclusion of a second sheriff's sale and the confirmation of that sale by the trial court. Due to Appellants' failure to timely obtain a stay in the prior appeal, the instant appeal is moot and is therefore dismissed.

{¶2} On April 30, 2012, Freedom Mortgage Corporation ("the Bank") filed a foreclosure action against Howard and Bonnie Milhoan. The Bank obtained a judgment and decree in foreclosure on August 28, 2012. A sheriff's sale was held on November 13, 2012, and Appellants were the high bidders. Prior to the sale being confirmed, the Bank filed a motion to vacate the sale, which was granted on January 4, 2013. Appellants' deposit for the sale was ordered to be returned to them. On February 13, 2013, the Bank issued notice of a new sheriff's sale to be held on February 26, 2013.

{¶3} On February 22, 2013, Appellants filed a motion to intervene in the action. The court held a phone conference on the motion, and denied the motion on February 26, 2013. The second sheriff's sale went forward as scheduled, and the Bank was the successful bidder. The Bank assigned its bid to Federal National Mortgage Association ("Fannie Mae").

{¶4} Appellants filed a notice of appeal but did not file a motion for stay of

execution. There being no stay of execution requested or granted, the trial court confirmed the second sheriff's sale, and the deed to Fannie Mae was recorded June 12, 2013.

{¶5} On July 19, 2013, Appellants filed a motion for stay with the trial court, which was denied. After the case was fully briefed, Appellants filed a motion for stay with this Court, which was granted, because no party informed us of the confirmation of sale and recording of deed. This Court issued its opinion on March 6, 2014. Based on the record before us, the case was remanded to allow Appellants to intervene and for the trial court to reconsider its ruling on the motion to vacate.

{¶6} On remand, the trial court issued a judgment entry declaring the case to be moot and denying Appellants' request to intervene due to the court's inability to render any relief. Appellants appealed this judgment.

Analysis

{¶7} The mere filing of a notice of appeal does not effectuate a stay of execution of the judgment under review, nor does it prevent parties (or non-parties) from continuing to act as if the previous trial court judgments and orders are valid and enforceable. "If the appellant fails to obtain a stay of the judgment, the nonappealing party has the right to attempt to satisfy its judgment, even though the appeal is pending." *Wiest v. Weigele*, 170 Ohio App.3d 700, 2006–Ohio–5348, 868 N.E.2d 1040 (1st Dist.), ¶ 12.

{¶8} Accordingly, the Bank properly continued to satisfy its foreclosure judgment. By the time Appellants finally obtained a stay of execution, the property had been resold at a second sheriff's sale, the sale was confirmed, and the deed was recorded in the name of the new owner. Without a stay of execution, the trial court was obligated to enforce the foreclosure judgment, including its confirmation of the second sheriff's sale. These actions actually rendered our decision in the appeal moot. Had these facts been properly brought to our attention, we would have dismissed the matter at that time. Based on the record before us, we remanded.

{¶9} "In foreclosure cases, as in all other civil actions, after the matter has

been extinguished through satisfaction of the judgment, the individual subject matter of the case is no longer under the control of the court and the court cannot afford relief to the parties to the action." *Bankers Trust Co. of California, NA. v. Tutin*, 9th Dist. No. 24329, 2009–Ohio–1333, ¶ 16. "In the absence of the possibility of an effective remedy, [an] appeal constitutes only a request for an advisory ruling from the court. * * * The court will not perform a vain act when there is no real issue presented in the appeal." *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm.*, 103 Ohio St.3d 398, 2004-Ohio-5466, 816 N.E.2d 238, ¶ 17-18. If the judgment is satisfied prior to a stay being obtained, the appeal becomes moot. *Hagood v. Gail*, 105 Ohio App.3d 780, 785, 664 N.E.2d 1373 (11th Dist.1995). The proper response to a moot appeal is the dismissal of the appeal. *Cincinnati Gas & Elec. Co., supra,* at ¶ 28.

{¶10} Appeal dismissed. As the subject matter of this appeal is moot the Clerk of Court shall release the $9,000 bond to Appellants.

{¶11} Copy to counsel and to the Clerk of Court.

DeGenaro, J., concurs.

Waite, J., concurs.

Robb, J., dissents.

{¶12} Judge Robb dissents and would allow the appeal to proceed through its regular course, after which a merit decision should be issued as to whether the trial court's judgment was correct.