[Cite as *State v. Moore*, 2018-Ohio-4778.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106647**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DWONE E. MOORE**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-617886-A

**BEFORE:** Jones, J., McCormack, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 29, 2018

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Road, #613
Cleveland, Ohio 44118


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Steven N. Szelagiewicz
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant Dwone Moore ("Moore") appeals his conviction and sentence for gross sexual imposition, theft, and public indecency. Finding no merit to the appeal, we affirm.

{¶2} In 2016, Moore was charged with four counts of gross sexual imposition, two counts of robbery, one count of theft, and one count of public indecency. The victim failed to appear for trial and the indictment was dismissed without prejudice. In 2017, the state refiled identical charges against Moore and the case proceeded to a jury trial.

{¶3} The following pertinent evidence was presented at trial.

{¶4} K.I. and her adult daughter, C.I., had lived next door to Moore since 2000. C.I. has developmental disabilities and behavioral problems. According to K.I., because C.I. is disabled, her "judgment is not like normal people." C.I. cannot live on her own due to her disabilities.

{¶5} C.I. testified that one day Moore approached her when she was at the bus stop waiting for the bus that would take her to visit a friend. Without her consent, Moore reached inside her shirt and touched her breasts. He did not stop when she told him to stop. Moore hugged her and told her that "he had love with" and was "in love" with her. C.I. wanted Moore to stop because he was not her "companion." Moore tried to kiss C.I. and she told him to stop and to "please not kiss" her. Moore told C.I. that she should not go visit her friend because her friend was "trouble." Instead, C.I. should go back to Moore's house and have sex with him. Moore continued to "hug" on C.I. and forcibly attempted to kiss her on her lips, neck, and cheek without her consent.

{¶6} C.I. testified that Moore told her he needed money and took five dollars out of her wallet that was in her pocket. C.I. told Moore "no," and that she needed her money to pay for her bus fare. Moore would not give C.I. her money back so she began to punch and kick him. She said he also kicked her and she "got hurt." C.I. screamed for help and eventually got her money back.

{¶7} Moore told C.I. he did not want to get in trouble with the police. He began to "cuss" at C.I. and call her "crazy." Moore went back to his house.

{¶8} C.I., who was very upset at this point, followed Moore into his house and broke a window. According to C.I., Moore continued to cuss at her and call her names, so she "started hitting him with my fist * * * because he was making me mad and calling me names." C.I.'s mother and brother heard the commotion from next door, found C.I., and pulled her off of Moore.

{¶9} Officer Jarrell Miller responded to the scene. When he arrived, he noted that C.I. was very upset. C.I. described to him what had happened and told the officer that Moore took

her money and showed her his penis and buttocks.

{¶10} Detective Alan Strickler ("Detective Strickler") testified that he interviewed C.I. and her mother. The detective noted that C.I. was developmentally disabled. Detective Strickler also interviewed Moore, who admitted he took five dollars from C.I., but said he gave the money back. The interview with Moore was recorded and played for the jury.

{¶11} Moore testified in his own defense. He testified that he had known C.I. for 17 years and had "borrowed" money from her before. He saw her at the bus stop on the day in question and testified she looked upset. Moore admitted he took money from C.I. but said he was "playing with her," and gave the money back. Moore also testified that had he kept the money, he would have used it to buy drugs. He admitted he touched C.I.'s breasts and "mooned her." When asked if he asked her for oral sex, Moore responded, "That day, no."

{¶12} During trial, the court granted Moore's Crim.R. 29 motion to dismiss on two counts of gross sexual imposition. The state did not object to the dismissal of those two counts. The jury subsequently convicted Moore of one count each of gross sexual imposition, theft, and public indecency but acquitted him of the remaining counts. The trial court sentenced him to 18 months in prison.

{¶13} Moore appeals, raising three assignments of error for our review:

I.  It was error to convict Dwone Moore for theft herein.

II.  The prosecutor committed misconduct, in interjecting irrelevant information which was not part of the issue, thereby jeopardizing appellant in front of the jury to his detriment.

III.  It was error to sentence appellant to the maximum time.

{¶14} In the first assignment of error, Moore contends that there was insufficient evidence to convict him of theft.

{¶15} A Crim.R. 29 motion challenges the sufficiency of the evidence. The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001). "'The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-829, 82 N.E.3d 1124, ¶ 12, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶16} Moore was convicted of theft, in violation of R.C. 2913.02(A)(1), which provides that "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent."

{¶17} Moore argues that there was insufficient evidence that he committed theft because he had borrowed money from C.I. in the past, he was joking around with her, and he gave her the money back. Therefore, Moore claims, he had her consent to have the money for the short time he had it. We disagree.

{¶18} C.I. testified that Moore took five dollars out of her wallet and told her "he needed it." She told him "you can't have my money. I need this for bus fare to get to [the] * * * group home." C.I. further testified that she got the money back after she fought "him off so I could get my things back" by "punch[ing] him with my fist and kick[ing] him with a tennis

shoe." She was screaming for help during this time.

{¶19} Thus, in viewing the evidence in the light most favorable to the state, there was sufficient evidence to prove the offense of theft.

{¶20} The first assignment of error is overruled.

{¶21} In the second assignment of error, Moore contends that the state committed prosecutorial misconduct during closing arguments.

{¶22} In general,

> [t]he test for prosecutorial misconduct during closing argument is whether the remarks made by the prosecutor were improper and, if so, whether they prejudicially affected a substantial right of the accused. *State v. White*, 82 Ohio St.3d 16, 22, 693 N.E.2d 772 (1998). For this determination, an appellate court should consider the nature of the remarks, whether an objection was made by counsel, whether corrective instructions were given by the court, and the strength of the evidence against the defendant. *State v. Braxton*, 102 Ohio App.3d 28, 41, 656 N.E.2d 970 (8th Dist.1995). Additionally, "isolated comments by a prosecutor are not to be taken out of context and given their most damaging meaning." *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 647, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

*State v. Harris*, 2017-Ohio-2751, 90 N.E.3d 342, ¶ 84 (8th Dist.).

{¶23} Moore contends that the prosecutor's remarks during closing arguments that he was going to use C.I.'s five dollars for drugs impermissibly turned the jury against him. The issue, according to Moore, was theft, not what he was going to use the money for.

**{¶24}** Moore did not object to the prosecutor's statements during closing arguments; therefore, he has waived all but plain error. *State v. Campbell*, 8th Dist. Cuyahoga Nos. 100246 and 100247, 2014-Ohio-2181, ¶ 13. Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise. *State v. Moreland*, 50 Ohio St.3d 58, 62, 552 N.E.2d 894 (1990). Moore does not demonstrate that but for the prosecutor's statements during closing arguments that the outcome of the trial would have been any different. There was sufficient evidence to convict Moore of theft and no evidence that his guilt was determined by the prosecutor's statements with regard to his intended use of the money. *See State v. Carter*, 8th Dist. Cuyahoga No. 104874, 2018-Ohio-2238, ¶ 37. Moreover, the prosecutor was merely summarizing Moore's own testimony, which was that if he had kept the money he would have used it to buy drugs.

**{¶25}** In light of the above, the second assignment of error is overruled.

**{¶26}** In the third assignment of error, Moore argues that it was error to sentence him to the maximum 18 months for gross sexual imposition.

**{¶27}** In this assignment of error, Moore challenges the length of his sentence. He has, however, already completed his sentence. Moore was sentenced to 18 months in prison on November 28, 2017 and given credit for 443 days. His stated prison term expired and he was released on March 18, 2018. "Any appeal of a sentence already served is moot." *State v. Jackson*, 8th Dist. Cuyahoga No. 99804, 2014-Ohio-820, ¶ 8, citing *State v. Gruttadauria*, 8th Dist. Cuyahoga No. 90384, 2008-Ohio-3152, ¶ 6; *State v. Bostic*, 8th Dist. Cuyahoga No. 84842, 2005-Ohio-2184, ¶ 21. Because Moore only challenges the length of his sentence (he does not, for example, challenge his sex offender classification) and because he has finished serving his sentences and has been

released from prison, the portion of his appeal regarding his sentence is moot.

**{¶28}** The third assignment of error is overruled.

**{¶29}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

TIM McCORMACK, P.J., and
EILEEN T. GALLAGHER, J., CONCUR