[Cite as *State v. Cline*, 2019-Ohio-3476.]

# IN THE COURT OF APPEALS OF OHIO

### SEVENTH APPELLATE DISTRICT
### MONROE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ROGER CLINE,

Defendant-Appellant.

---

**O P I N I O N   A N D   J U D G M E N T   E N T R Y**
**Case No. 18 MO 0007**

---

Criminal Appeal from the
Monroe County Court of Monroe County, Ohio
Case No. CRB1700188A

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Atty. James L. Peters*, Monroe County Prosecutor, 101 North Main Street, Room 15, Woodsfield, OH 43793, for Plaintiff-Appellee (No Brief Filed) and

*Roger Cline,* Pro Se, #3569137, Huttonsville Correctional Center, P.O. Box 1, Huttonsville, WV 26273, for Defendant-Appellant.

Dated: August 28, 2019

_____

**D'APOLITO, J.**

{¶1}   Pro se Appellant, Roger Cline, appeals from the March 20, 2018 judgment of the Monroe County Court, denying his motion to correct void sentence. On appeal, Appellant takes issue with his sentence, alleging that he was forced to serve five additional days. Appellant completed his sentence in this case in November 2017. Because Appellant has already served his sentence, this appeal is moot.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On July 28, 2017, Appellee, the State of Ohio, filed a criminal complaint against Appellant on two counts: count one, domestic violence, a misdemeanor of the first degree, in violation of R.C. 2919.25(A); and count two, domestic violence, a misdemeanor of the fourth degree, in violation of R.C. 2919.25(C). Appellant initially pleaded not guilty at his arraignment.

{¶3}   Thereafter, Appellant entered into a plea agreement with the State. Following a change of plea hearing, Appellant withdrew his former not guilty plea and entered a plea of no contest. The trial court accepted Appellant's plea and dismissed count two. On October 3, 2017, the court sentenced Appellant to 180 days in jail, 60 days suspended and 62 days credited. Appellant was discharged on November 30, 2017.

{¶4}   After his discharge from jail in this case and while incarcerated at a West Virginia facility in another matter, Appellant filed a motion to correct void sentence on March 6, 2018. Appellant claims he was forced to serve five extra days in this case and that his discharge date should have been November 25, 2017 rather than November 30, 2017. On March 20, 2018, the trial court determined Appellant's sentence is not void and denied his motion.

{¶5}   Appellant also filed a motion for an extradition hearing. The trial court denied Appellant's motion after finding that he has already served his Ohio imposed sentence in this case and was simply transferred to West Virginia to complete a sentence imposed in another matter by that state.

Case No. 18 MO 0007

**{¶6}** Appellant filed a pro se appeal and raises one assignment of error.[1]

## ASSIGNMENT OF ERROR

**THE STATE VIOLATED APPELLANT'S DUE PROCESS RIGHTS WHEN THE PROSECUTOR BREACHED THE AGREEMENT MADE IN HIS PLEA BARGAIN. APPELLANT WAS FORCED TO SERVE FIVE (5) DAYS MORE IN JAIL THAN HE WAS SENTENCED TO SERVE.**

**{¶7}** Once a defendant has already served his term of incarceration, the merits of arguments relating to his sentence become moot. *See State v. Merritt*, 7th Dist. Jefferson No. 09 JE 26, 2011-Ohio-1468, ¶ 50; *State v. McCall*, 7th Dist. Mahoning No. 03 MA 82, 2004-Ohio-4026, ¶ 7-9; *State v. Johnson*, 2d Dist. Montgomery No. 27140, 2017-Ohio-4323, ¶ 9-10; *State v. McKinnon*, 4th Dist. Ross No. 12CA3337, 2013-Ohio-2324, ¶ 11-13; *State v. Moore*, 8th Dist. Cuyahoga No. 106647, 2018-Ohio-4778, ¶ 27; *State v. Johnson*, 11th Dist. Lake No. 2005-L-208, 2007-Ohio-780, ¶ 7. "'The proper response to a moot appeal is the dismissal of the appeal.'" *State v. McKeever*, 7th Dist. Mahoning No. 17 MA 0038, 2017-Ohio-9387, ¶ 10, quoting *Freedom Mtge Corp. v. Boston*, 7th Dist. Columbiana No. 14 CO 0036, 2016-Ohio-7016, ¶ 9, citing *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm.*, 103 Ohio St.3d 398, 2004-Ohio-5466, 816 N.E.2d 238, ¶ 28.

**{¶8}** Appellant's argument on appeal is directed to the length of his sentence. As stated, Appellant completed his sentence in this case in November 2017. "Absent any facts to the contrary we must presume regularity and assume that [Appellant] has completed his sentence." *McCall, supra,* at ¶ 7. There is no evidence that Appellant is currently incarcerated in Ohio. A review of the Monroe County, Ohio Jail InmateAid website does not reveal that Appellant is incarcerated. In addition, the trial court noted in a May 2018 entry that Appellant has already served his Ohio imposed sentence. Thus, because Appellant has completed his sentence in this case, his argument concerning the length of his sentence is moot.

---

[1] The State did not file an appellate brief.

**CONCLUSION**

{¶9}    For the foregoing reasons, Appellant's pro se appeal from the March 20, 2018 judgment of the Monroe County Court, denying his motion to correct void sentence, is dismissed as moot.


Donofrio, J., concurs.

Robb, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is moot. Appeal dismissed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**