# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO, CITY OF YOUNGSTOWN,

Plaintiff-Appellee,

v.

KENDALL JONES,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 18 MA 0096, 18 MA 0097**

---

Criminal Appeal from the
Youngstown Municipal Court of Mahoning County, Ohio
Case Nos. 17 CRB 635, 18 CRB 773, 18 CRB 874

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed as Moot.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, and *Atty. Kathleen Thompson*, City of Youngstown Assistant Prosecutor, 9 West Front Street, 3rd Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee (No Brief Filed) and

*Atty. Cynthia Henry,* P.O. Box 4332, Youngstown, Ohio 44515, for Defendant-Appellant.

Dated:  August 7, 2020

**D'Apolito, J.**

**{¶1}**     Appellant, Kendall Jones, appeals from the July 31, 2018 judgments of the Youngstown Municipal Court sentencing him to incarceration in the Mahoning County Justice Center for possession of drugs, Case Nos. 18 CRB 773 and 18 CRB 874, and for violating the terms of community control, Case No. 17 CRB 635.  On appeal, Appellant takes issue with his sentence.  However, Appellant completed his sentence and was released from jail on March 5, 2020.  Accordingly, because Appellant has already served his sentence, these appeals are dismissed as moot.

## FACTS AND PROCEDURAL HISTORY

**{¶2}**     Beginning on April 30, 2018, criminal complaints were filed against Appellant, in Case Nos. 18 CRB 773 and 18 CRB 874, on two counts of possession of drugs, misdemeanors of the first degree, in violation of R.C. 2925.11(A) and (C)(2)(a), and for falsification, a misdemeanor of the first degree, in violation of R.C. 2921.13(A)(3).  Notices that Appellant was on community control, in Case No. 17 CRB 635, were also filed.[1]  Appellant was appointed counsel and filed time waivers.

**{¶3}**     On June 8, 2018, Appellant stipulated to probable cause for the community control violation in Case No. 17 CRB 635.  On July 31, 2018, Appellant filed oral and written pleas of guilty to the two possession of drugs charges in Case Nos. 18 CRB 773 and 18 CRB 874.  The trial court accepted Appellant's guilty pleas, concurrently sentenced him to 180 days in jail on each of the possession of drugs charges, and dismissed the falsification charge in Case No. 18 CRB 773.  In Case No. 18 CRB 874,

---

[1] In Case No. 17 CRB 635, criminal complaints were filed against Appellant on April 10, 2017, for obstructing official business, a misdemeanor of the second degree, in violation of R.C. 2921.31(A); falsification, a misdemeanor of the first degree, in violation of R.C. 2921.13(A)(3); and possession of drugs, a misdemeanor of the first degree, in violation of R.C. 2925.11(A) and (C)(2)(a).  On April 20, 2017, Appellant pled guilty to falsification and possession of drugs.  The trial court dismissed the obstructing official business charge.  A community control violation notification was filed on December 5, 2017.  On May 29, 2018, a judgment entry was filed noting that Appellant was arrested on new charges and on a capias for a community control violation.

Appellant was given 64 days of jail-time credit. In Case No. 17 CRB 635, Appellant was sentenced to a total of 330 days in jail for the community control violation.

{¶4} Appellant filed timely appeals and raises three assignments of error.[2]

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED BY FAILING TO GRANT CREDIT FOR ALL THE TIME THE APPELLANT SERVED WHILE AWAITING HEARING OF THE PROBATION VIOLATION CHARGES PURSUANT TO R.C. 2967.191.**

## ASSIGNMENT OF ERROR NO. 2

**THE APPELLANT WAS SENTENCED CONCURRENTLY ON MULTIPLE CHARGES AND IS ENTITLE[D] TO HAVE CREDIT FOR TIME SERVED APPLIED TOWARD ALL TERMS.**

## ASSIGNMENT OF ERROR NO. 3

**THE TRIAL COURT ABUSED [ITS] DISCRETION BY IMPOSING A SENTENCE DISPROPORTIONATE, CONTRARY TO LAW IN VIOLATION OF R.C. 2929.21, AND IN VIOLATION OF THE DUE PROCESS AND EQUAL PROTECTION CLAUSE[S] OF THE OHIO AND UNITED STATES CONSTITUTIONS.**

{¶5} Because Appellant's three assignments of error all take issue with his sentence, we will address them together.

Once a defendant has already served his term of incarceration, the merits of arguments relating to his sentence become moot. *See State v. Merritt*, 7th Dist. Jefferson No. 09 JE 26, 2011-Ohio-1468, ¶ 50; *State v. McCall*, 7th Dist. Mahoning No. 03 MA 82, 2004-Ohio-4026, ¶ 7-9; *State v. Johnson*, 2d Dist. Montgomery No. 27140, 2017-Ohio-4323, ¶ 9-10; *State v. McKinnon*, 4th Dist. Ross No. 12CA3337, 2013-Ohio-2324, ¶ 11-13; *State*

---

[2] Appellant never requested a stay. Appellee, the State of Ohio, City of Youngstown, did not file briefs.

Case Nos. 18 MA 0096, 18 MA 0097

*v. Moore*, 8th Dist. Cuyahoga No. 106647, 2018-Ohio-4778, ¶ 27; *State v. Johnson*, 11th Dist. Lake No. 2005-L-208, 2007-Ohio-780, ¶ 7. "'The proper response to a moot appeal is the dismissal of the appeal.'" *State v. McKeever*, 7th Dist. Mahoning No. 17 MA 0038, 2017-Ohio-9387, ¶ 10, quoting *Freedom Mtge Corp. v. Boston*, 7th Dist. Columbiana No. 14 CO 0036, 2016-Ohio-7016, ¶ 9, citing *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm.*, 103 Ohio St.3d 398, 2004-Ohio-5466, 816 N.E.2d 238, ¶ 28.

*State v. Cline*, 7th Dist. Monroe No. 18 MO 0007, 2019-Ohio-3476, ¶ 7; *see also State v. Delauder*, 7th Dist. Columbiana No. 18 CO 0028, 2019-Ohio-1678, ¶ 8, quoting *McKeever, supra,* at ¶ 8 ("'Courts have generally held that once the defendant has been released from prison, the merits of arguments relating to the trial court's calculation of his jail-time credit become moot.'")

**{¶6}** There is no evidence that Appellant, Inmate No. 51805, is currently incarcerated in Ohio. In addition, the Mahoning County Justice Center has confirmed that Appellant was released on March 5, 2020. "Absent any facts to the contrary we must presume regularity and assume that [Appellant] has completed his sentence." *McCall, supra,* at ¶ 7.

**{¶7}** Thus, because Appellant has completed his sentence in these cases, his arguments concerning the length of his sentence and jail-time credit are moot.

## CONCLUSION

**{¶8}** For the foregoing reasons, Appellant's appeals from the July 31, 2018 judgments of the Youngstown Municipal Court sentencing him to incarceration in the Mahoning County Justice Center for possession of drugs, Case Nos. 18 CRB 773 and 18 CRB 874, and for violating the terms of community control, Case No. 17 CRB 635, are dismissed as moot.


Waite, P.J., concurs.

Robb, J., concurs.


Case Nos. 18 MA 0096, 18 MA 0097

---

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that the judgments of the Youngstown Municipal Court of Mahoning County, Ohio, are dismissed as moot.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**