OPINION
{¶ 1} This action in mandamus is presently before this court for consideration of the summary judgment motion of both respondents, Warden Richard Gansheimer of the Lake Erie Correctional Institution and Chairman Leonard C. Croft of the Ohio Adult Parole Authority. As the primary grounds for this motion, respondents maintain that the merits of the mandamus petition have become moot because relator, Darryl Sper, has been released from the state prison. For the following reasons, we hold that the motion for summary judgment has merit.
 {¶ 2} In bringing the instant action, relator sought the issuance of an order under which respondents would be required to deduct additional jail-time credit from his criminal sentence. In support of his prayer for relief, relator alleged that, at the time his conviction was rendered in December 2001, the Lorain County Court of Common Pleas did not give him full credit for the days he had spent in the county jail while the criminal case was pending. He further alleged that, although he was able to obtain documents from the Lorain County Sheriff indicating that he was entitled to an additional credit, the Lorain County trial court overruled two separate motions to correct the supposed error in the calculation of his credit. Furthermore, relator asserted that the Ohio Adult Parole Authority also rejected his requests to have additional days deducted from his two-year sentence.
 {¶ 3} In now moving for summary judgment, respondents submit that the "credit" issue has become moot because, approximately nine days after relator filed the instant action, he was released from incarceration on the basis that he had completed his jail term. In support of their argument, respondents have attached to their motion copies of three prison documents concerning the calculation of relator's release date. They have also attached the affidavit of Darnese Oliver, the Records Supervisor of the Lake Erie Correctional Institution. In her affidavit, Oliver avers that the attached copies are true and accurate duplications of the original documents in her possession.
 {¶ 4} In reviewing appeals in which a criminal defendant has sought to contest the trial court's calculation of his jail-time credit, the courts of this state have concluded that the merits of that issue become moot once the defendant has been released from prison. In State v. Berger (1984), 17 Ohio App.3d 8, the Sixth Appellate District began its analysis by noting that when a defendant has completed his prison term before an appellate court can render its decision, his appeal will generally be deemed moot unless the continuing existence of the conviction will cause some collateral disability or loss of civil rights for the defendant. In light of this basic principle, the court then held that, since the failure to address the issue of additional jail-time credit would not result in any type of adverse collateral consequences for the defendant, the merits of the "credit" issue should be considered moot.
 {¶ 5} The foregoing basic logic has been applied in mandamus actions in which the defendant/relator has tried to compel the deduction of additional credit from his jail term. In State exrel. Rodgers v. Saffold (Oct. 8, 1998), 8th Dist. No. 74520, 1998 Ohio App. LEXIS 4795, summary judgment was granted against the defendant/relator on the basis that, because the fact that he may have served more than his maximum sentence would not have any collateral consequences, his release from the state prison rendered his entire mandamus claim moot.
 {¶ 6} In the instant case, relator never filed a response to respondents' motion for summary judgment. Accordingly, he has not attempted to challenge the facts as set forth in respondents' evidentiary materials. Those materials readily show that relator was released from the Lake Erie Correctional Institution on December 3, 2003, only nine days after bringing this case. Thus, pursuant to the Rodgers precedent, the merits of relator's mandamus claim are now moot.
 {¶ 7} Under Civ.R. 56(C), the moving party in a summary judgment exercise is entitled to prevail when he can establish that: (1) there are no genuine factual disputes remaining to be litigated; (2) he is entitled to judgment as a matter of law; and (3) the evidentiary materials are such that, even when those materials are interpreted in a way which is most favorable to the non-moving party, a reasonable person could only come to a conclusion adverse to the non-moving party. Welco Industries,Inc. v. Applied Cos. (1983), 67 Ohio St.3d 344. In light of the foregoing analysis, this court concludes that respondents have satisfied each prong of the summary judgment standard in regard to relator's entire mandamus claim. That is, respondents are entitled to prevail because the undisputed facts before us show that the merits of the mandamus claim are now moot.
 {¶ 8} Consistent with the foregoing discussion, respondents' motion for summary judgment is granted. It is the order of this court that the writ is denied, and judgment is hereby entered in favor of respondents as to relator's entire mandamus claim.
Ford, P.J., Grendell and Rice, JJ., concur.