THE STATE EX REL. GORDON, APPELLANT, *v.* MURPHY, JUDGE, APPELLEE.

### [Cite as *State ex rel. Gordon v. Murphy,*
### 112 Ohio St.3d 329, 2006-Ohio-6572.]

(No. 2006–1588—Submitted December 13, 2006—Decided December 20, 2006.)

———

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of mandamus to compel a judge to rule on a pending motion for jail-time credit. Because appellant has now been released from prison, we dismiss this appeal as moot.

{¶ 2} In November 2005, the Summit County Court of Common Pleas convicted appellant, Charles E. Gordon, of cocaine possession, driving while under suspension, and a community-control violation, and the court sentenced him to an aggregate one-year prison term. Appellee, Judge James E. Murphy of the

common pleas court, then issued an entry finding that Gordon was entitled to 42 days of jail-time credit. In December 2005, Gordon filed a motion for jail-time credit in which he claimed that Judge Murphy had incorrectly calculated the number of days that he had spent in custody on the charges before the date of sentencing.

{¶ 3} On July 3, 2006, Gordon filed a complaint in the Court of Appeals for Summit County for a writ of mandamus to compel Judge Murphy to rule on his motion for jail-time credit. Gordon claimed that with the additional jail-time credit to which he was entitled, "he would have been released on or about June 25, 2006, having fully served his one-year prison term." Judge Murphy filed a motion to dismiss, and the court of appeals dismissed the petition.

{¶ 4} In his appeal as of right, Gordon asserts that the court of appeals erred in dismissing his petition. Judge Murphy has filed a motion to dismiss this appeal because it is moot.

{¶ 5} Gordon's mandamus claim lacked merit because the true objective of his claim was to compel Judge Murphy to credit him for jail-time served and to immediately release him from prison before his scheduled September 2006 release date. "Habeas corpus, rather than mandamus, is the proper action to seek" release from prison. *State ex rel. Rowe v. McCown*, 108 Ohio St.3d 183, 2006-Ohio-548, 842 N.E.2d 51, ¶ 4.

{¶ 6} More important, Gordon has been released. Therefore, his "appeal is moot because his sentence has now expired and he has been released from prison." *Crase v. Bradshaw*, 108 Ohio St.3d 212, 2006-Ohio-663, 842 N.E.2d 513, ¶ 5. Furthermore, this claim is not "capable of repetition, yet evading review." *Spencer v. Kemna* (1998), 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43; *Larsen v. State* (2001), 92 Ohio St.3d 69, 70, 748 N.E.2d 72. Gordon concedes that there is no reasonable expectation that he will be subject to the same action again.

{¶ 7} Based on the foregoing, we grant Judge Murphy's motion and dismiss this appeal as moot.

Appeal dismissed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

―――――――

J. Alex Morton, for appellant.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.