[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.,* Slip Opinion No. 2014-Ohio-2348.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-2348

THE STATE EX REL. BROWN, APPELLANT, *v.* OHIO DEPARTMENT OF

REHABILITATION & CORRECTION, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.,* Slip Opinion No. 2014-Ohio-2348.]

*Mandamus—Action seeking jail-time credit is moot after inmate is released from prison—Appeal dismissed.*

(No. 2013-1567—Submitted May 13, 2014—Decided June 5, 2014.)

APPEAL from the Court of Appeals for Franklin County,

No. 13AP-188, 2013-Ohio-4061.

_____

**Per Curiam.**

{¶ 1} We dismiss this appeal from the Tenth District Court of Appeals as moot. Appellant, David E. Brown, filed an action for a writ of mandamus to compel appellee, the Ohio Department of Rehabilitation and Correction ("ODRC"), to credit him with an additional 107 days of jail-time credit.

**{¶ 2}**  However, according to the ODRC's Offender Search website, Brown was released from prison on November 25, 2013, and is now on postrelease control. *See http://www.drc.state.oh.us/OffenderSearch/details.aspx? id=A598641* (accessed May 20, 2014).  Because he has served his full term of incarceration, his action in mandamus seeking jail-time credit is moot.[1] *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, 859 N.E.2d 928, ¶ 6; *State ex rel. Compton v. Sutula*, 132 Ohio St.3d 35, 2012-Ohio-1653, 968 N.E.2d 476, ¶ 5.

**{¶ 3}**  We therefore dismiss Brown's appeal.

Appeal dismissed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

David E. Brown, pro se.

Michael DeWine, Attorney General, and Peter L. Jamison, Assistant Attorney General, for appellee.

_____

---

[1]  An event that causes a case to become moot may be proved by extrinsic evidence. *Pewitt v. Lorain Corr. Inst.,* 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992).