[Cite as *State ex rel. Jackson v. Sloan*, 2016-Ohio-7358.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**


| | | |
|---|---|---|
| STATE OF OHIO ex rel. MIGUEL SANCHEZ, | **:** | **PER CURIAM OPINION** |
| | **:** | |
| Relator, | **:** | **CASE NO. 2016-T-0074** |
| | **:** | |
| - vs - | **:** | |
| | **:** | |
| HONORABLE PETER J. KONTOS, JUDGE, | **:** | |
| Respondent. | **:** | |

Original Action for Writ of Mandamus.

Judgment: Dismissed.


*Miguel Sanchez*, pro se, PID# A671-156, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Relator).

*Peter J. Kontos,* Trumbull County Court of Common Pleas, 161 High Street, N.W., Warren, OH 44481 (Respondent).


PER CURIAM

{¶1}   Pending before this court is Relator, Miguel Sanchez', Complaint for Writs of Mandamus or Peremptory Writ in First Instance R.C.§ 2731.06.  For the following reasons, Sanchez' Complaint is dismissed as moot.

{¶2}   On August 11, 2016, Sanchez filed his Complaint for Writs of Mandamus or Peremptory Writ in this court.  Sanchez alleged that he was entitled to 49 days of jail time credit in Trumbull County Court of Common Pleas Case No. 2015 CR 00311.

According to the Complaint, Sanchez "[m]otioned Respondent Judge Kontos twice to correct the missing jail time credit," and "both times the Judge failed and refused to uphold the laws of Ohio." Sanchez filed the Complaint for Mandamus because, by his calculations, his maximum sentence would expire on July 20, 2016, and the remedies of appeal, post-conviction relief, or declaratory judgment would not be timely.

{¶3} No response has been received from the Respondent.

{¶4} It is well-established that an action in mandamus seeking jail time credit becomes moot upon the expiration of the relator's sentence and his release from prison. *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 139 Ohio St.3d 433, 2014-Ohio-2348, ¶ 2 (cases cited).

{¶5} Likewise, "an event that causes a case to become moot may be proved by extrinsic evidence outside the record." *Pewitt v. Superintendent*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992); *Brown* at ¶ 2, fn. 1.

{¶6} According to the Ohio Department of Rehabilitation and Correction, Sanchez was released from the Lake Erie Correctional Institution on September 7, 2016, upon completion of his sentence.[1]

{¶7} Accordingly, Sanchez' Complaint for Writs of Mandamus or Peremptory Writ is hereby dismissed as moot.


CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., COLLEEN MARY O'TOOLE, J., concur.

---

1. This date is consistent with the representation made by Sanchez in the Complaint that, if credited for 49 days, he ought to have been released on July 20, 2016. Without the 49 days credit, his release date would be September 7, 2016.