[Cite as *State v. Jama*, 2018-Ohio-1274.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 17AP-569 |
| v. | : | (C.P.C. No. 08CR-11-8033) |
| Shamso Jama, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on April 3, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellant.

**On brief:** *Tim Young*, Ohio Public Defender, and *Katherine R. Ross-Kinzie*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion for jail-time credit of defendant-appellee, Shamso Jama. For the reasons that follow, we dismiss the appeal as moot.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} This case is now before this court for the fourth time. In *State v. Jama*, 189 Ohio App.3d 687, 2010-Ohio-4739 (10th Dist.), we vacated the trial court's issuance of a nunc pro tunc order which purported to modify the court's original verdict entered following a bench trial. In *State v. Jama*, 10th Dist. No. 11AP-210, 2012-Ohio-2466, the state appealed the trial court's modified judgment entry. This court sustained a portion of the state's assignments of error and "remanded for reinstatement of the original verdict and

for further proceedings."  *Id.* at ¶ 55.  On remand, the trial court convicted Jama of aggravated possession of drugs based on the original second-degree felony verdict and imposed the minimum two-year mandatory prison term.  The trial court "delayed enforcement of the sentence until a later date."  *State v. Jama*, 10th Dist. No. 13AP-19, 2013-Ohio-3796, ¶ 3.  Accordingly, Jama remained free pending her appeal.

{¶ 3}  On September 3, 2013, this court in *Jama*, 2013-Ohio-3796, overruled Jama's assignments of error and affirmed the trial court's judgment entry of conviction and sentence.  The trial court continued Jama's community control pending appeal to the Supreme Court of Ohio.  Jama did not appeal to the Supreme Court and did not report for enforcement of sentence.  On December 9, 2013, the trial court issued a capias to the Franklin County Sheriff commanding the sheriff to take Jama into custody for enforcement of sentence.  On January 5, 2014, the trial court declared Jama an absconder.

{¶ 4}  The record reveals that Jama entered Canada on December 4, 2013. Canadian immigration authorities subsequently took Jama into custody, and she remained in their custody from November 10, 2014 to February 17, 2016, when she was "released for deportation."  (Dec. 7, 2016 Motion for Jail-Time Credit at 3.)  Jama was returned to Ohio and placed in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC").  On March 31, 2016, the trial court issued an amended judgment entry crediting Jama with 52 days of jail-time credit; the 9 days previously awarded, plus the 43 days Jama had been in the custody of ODRC.

{¶ 5}  On December 7, 2016, Jama filed a motion, pursuant to R.C. 2929.19(B)(2)(g)(iii), seeking an additional 446 days of jail-time credit for the days Jama spent in the custody of Canadian immigration authorities.  The state opposed the motion arguing that, as an absconder, Jama was not entitled to jail-time credit.  The state also contended Jama's confinement was due to her illicit attempts to obtain refugee status in Canada and was not related to the conviction and sentence in this case.  The trial court issued a journal entry on August 3, 2017 granting Jama's motion.

{¶ 6}  On August 9, 2017, the state filed a notice of appeal to this court from the trial court's judgment and a motion to stay execution of the trial court's August 3, 2017 journal entry.  On August 11, 2017, this court granted the state's motion to stay execution of the trial court's judgment.

{¶ 7} On February 21, 2018, this court issued a journal entry ordering the parties to file supplemental briefs on the issue whether Jama's "release from the custody of the Ohio Department of Rehabilitation and Correction on January 17, 2018, renders this appeal moot." (Feb. 21, 2018 Journal Entry at 1.) Each party filed a supplemental brief.

## II. ASSIGNMENTS OF ERROR

{¶ 8} The state's merit brief sets out the following assignments of error:

> [1.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO HOLD A HEARING AS REQUIRED BY R.C. 2929.19(B)(2)(g)(ii).
>
> [2.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING JAIL-TIME CREDIT FOR TIME SPENT IN CANADIAN IMMIGRATION DETENTION BY AN OHIO OFFENDER WHO ABSCONDED FROM ENFORCEMENT OF HER JOURNALIZED SENTENCE.
>
> [3.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO APPLY RES JUDICATA TO BAR THE MOTION FOR JAIL-TIME CREDIT.
>
> [4.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING JAIL-TIME CREDIT FOR POST-JUDGMENT TIME SPENT IN DETENTION IN ANOTHER JURISDICTION.
>
> [5.] THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING JAIL-TIME CREDIT TO AN OHIO OFFENDER WHO ABSCONDED FROM ENFORCEMENT OF A JOURNALIZED SENTENCE AND WHO WAS DETAINED UNDER THE IMMIGRATION LAWS OF CANADA.

## III. MOOTNESS

{¶ 9} In *Bradley v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 10AP-567, 2011-Ohio-1388, this court reviewed the relevant case law regarding the mootness doctrine:

> "The doctrine of mootness is rooted in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint." *James A. Keller, Inc. v. Flaherty* (1991), 74 Ohio App.3d 788, 791, 600 N.E.2d 736. "While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over

a moot question." *Id.* "It is not the duty of the court to answer moot questions," so if during the course of a proceeding "an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief," the court will refuse to rule on the moot question. *Miner v. Witt* (1910), 82 Ohio St. 237, 92 N.E. 21, 8 Ohio L. Rep. 71, syllabus. *See also Tschantz v. Ferguson* (1991), 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (stating "[n]o actual controversy exists where a case has been rendered moot by an outside event"). *Lingo v. Ohio Cent. R.R., Inc.*, 10th Dist. No. 05AP-206, 2006-Ohio-2268, ¶ 20, quoting *Grove City v. Clark*, 10th Dist. No. 01AP-1369, 2002-Ohio-4549, ¶ 11 (concluding an action is moot when it does not involve an " 'actual genuine, live controversy, the decision of which can definitely affect existing legal relations' ").

The mootness doctrine has limited exceptions. One exception concerns "cases which present a debatable constitutional question or a matter of great public or general interest." *Tschantz* at 133, citing *Franchise Developers, Inc. v. Cincinnati* (1987), 30 Ohio St.3d 28, 31, 30 Ohio B. 33, 505 N.E.2d 966. Another exception allows for judicial review of moot questions when the issue is " 'capable of repetition, yet evading review.' " *Nextel West Corp. v. Franklin Cty. Bd. of Zoning Appeals*, 10th Dist. No. 03AP-625, 2004-Ohio-2943, ¶ 14, citing *State ex rel. Plain Dealer Pub*[*lishing*] *Co. v. Barnes* (1988), 38 Ohio St.3d 165, 527 N.E.2d 807, paragraph one of the syllabus.

*Id.* at ¶ 11-12.

{¶ 10} Furthermore, the capable-of-repetition doctrine applies only in exceptional circumstances. *Spencer v. Kemna,* 523 U.S. 1, 17 (1998); *Larsen v. State*, 92 Ohio St.3d 69, 70 (2001). In the context of a trial court order denying jail-time credit, the exception does not apply where "there is no reasonable expectation that [appellant] will be subject to the same action again." *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, ¶ 6.

{¶ 11} As this court noted in its February 21, 2018 entry, ODRC released Jama from custody during the pendency of this appeal. The parties have acknowledged in supplemental briefing that ODRC released Jama after she served her full two-year prison term, without the benefit of the additional 446 days of jail-time credited in the journal entry appealed from.

{¶ 12} Jama argues the appeal is now moot because she can no longer receive the benefit of the additional jail-time credit awarded by the trial court in the judgment appealed from. The state argues, however, that its appeal is not moot because the possibility exists that Jama may yet obtain a benefit from the trial court's order in some unspecified future proceeding. The state argues, alternatively, that if this court should dismiss the appeal as moot, we should also issue an order vacating the judgment appealed from so as to prevent Jama from benefiting from the trial court's order in some unspecified future proceeding.

{¶ 13} "Generally, '[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.' " *State v. Montavon*, 10th Dist. No. 12AP-631, 2013-Ohio-2009, ¶ 6, quoting *State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus. "However, because a person convicted of a felony has a 'substantial stake in the judgment of conviction' that survives satisfaction of the judgment, 'an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal.' " *Montavon* at ¶ 6, quoting *State v. Golston*, 71 Ohio St.3d 224 (1994), syllabus. "[T]he rationale underlying the *Golston* decision does not apply if an appeal solely challenges the length of a sentence rather than the underlying conviction." *Montavon* at ¶ 6, citing *Columbus v. Duff*, 10th Dist. No. 04AP-901, 2005-Ohio-2299, ¶ 12. " 'If an individual has already served his sentence and is only questioning whether or not the sentence was correct, there is no remedy that can be applied that would have any effect in the absence of a reversal of the underlying conviction.' " *Montavon* at ¶ 6, quoting *Duff* at ¶ 12.

{¶ 14} Accordingly, under Ohio law, once a defendant has completed a prison sentence, any alleged error relating to the calculation of jail-time credit becomes moot as there is no longer an existing case or controversy. *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 139 Ohio St.3d 433, 2014-Ohio-2348, ¶ 1-2; *State ex rel. Compton v. Sutula*, 132 Ohio St.3d 35, 2012-Ohio-1653, ¶ 5; *Crase v. Bradshaw*, 108 Ohio St.3d 212, 2006-Ohio-663, ¶ 5; *State v. Lynch*, 10th Dist. No. 15AP-123, 2015-Ohio-3366, ¶ 7. Because jail-time credit relates only to the length of a sentence and not the underlying conviction,

no collateral disability results by applying the mootness doctrine to felony sentences. *State v. Barnes*, 12th Dist. No. CA2015-01-005, 2015-Ohio-3523, ¶ 8.

{¶ 15} The state argues the above-cited cases are distinguishable because they arise from the defendants' appeal of trial court orders denying motions for additional jail-time credit, whereas this case involves a state appeal from a trial court order granting a motion for jail-time credit. We believe this is a distinction without a difference.

{¶ 16} The logic underlying the rule that an appeal is rendered moot by the completion of the sentence is that there is no relief that may be provided by the court of appeals relating to jail-time credit. *State v. Hiler*, 12th Dist. No. CA2015-05-084, 2015-Ohio-5200, ¶ 21; *State v. Wright*, 2d Dist. No. 26471, 2015-Ohio-3919, ¶ 27; *Barnes* at ¶ 9. The state's argument in this case, however, is that its appeal is not moot because of the possibility Jama may obtain some benefit from the trial court's order in some unspecified future proceeding. Thus, the state's argument against mootness in this case is at odds with the rationale underlying the established imperative that an appeal of a jail-time credit order becomes moot on the completion of sentence. Furthermore, to the extent the state contends Jama may seek to apply the credit awarded by the trial court to offset a subsequent sanction imposed on her for a violation of post-release control, "[t]he fact that [appellant] remains on post-release control does not preclude a finding of mootness with regard to jail-time credit." *State v. Bennett*, 2d Dist. No. 2014-CA-60, 2015-Ohio-2779, ¶ 5, citing *Brown* at ¶ 1-2. *See also State v. Keeton*, 8th Dist. No. 85390, 2005-Ohio-2546, ¶ 11; *State v. Cheris*, 8th Dist. No. 92492, 2009-Ohio-5000.

{¶ 17} Based on the foregoing, we find this appeal is rendered moot by Jama's release from confinement on the expiration of her sentence. Accordingly, an order dismissing the appeal is appropriate. *Brown*; *Gordon*.

{¶ 18} The state's alternative arguments for vacatur of the trial court's order are also without merit. The state has not cited authority requiring this court to vacate a trial court order granting jail-time credit on finding the state's appeal is moot. The case law cited by the state is distinguishable. For example, in *Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997), a federal district court declared an Arizona statute unconstitutional, but the governor's appeal was mooted when the federal employee who brought the action left federal employment. Under such circumstances, the United States Supreme Court held the

lower federal courts erred in refusing to certify the question of construction of the state constitutional article to the state's highest court and that "vacatur down the line is the equitable solution." *Id.* at 75. In *State v. McGettrick*, 31 Ohio St.3d 138 (1987), the Supreme Court of Ohio advised that when the defendant/appellant dies during the pendency of his appeal from the conviction and sentence, and the state does not move the court of appeals, pursuant to App.R. 29(A), to substitute the decedent's estate as a party, "the court of appeals may dismiss the appeal as moot, vacate the original judgment of conviction and dismiss all related criminal proceedings, including the original indictment." *Id.* at 142. The concern of the Supreme Court of Ohio in so ruling was to "provide for adequate safeguards to protect precious rights of both the citizens of this state and defendants in criminal cases." *Id.* at 144. Because the circumstances of this case are dissimilar to the circumstances in the above-cited cases, vacatur is not warranted.

{¶ 19} For the foregoing reasons, appellant's assignments of error are moot.

## IV. CONCLUSION

{¶ 20} Having determined appellant's five assignments of error are moot, we hereby dismiss the appeal.

*Appeal dismissed.*

TYACK and KLATT, JJ., concur.

_____