[Cite as *State v. Le Blanc*, 2018-Ohio-4840.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-912 |
| | | (C.P.C. No. 16CR-4440) |
| Elizabeth R. Le Blanc, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 6, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert.*

**On brief:** *Yeura Venters*, Public Defender, and *Ian J. Jones*, for appellant. **Argued:** *Ian J. Jones*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Elizabeth R. Le Blanc is appealing from her conviction on a charge of trespass in a habitation and the related sentence. She assigns two errors for our consideration:

> [I.] THE TRIAL COURT ERRED WHEN IT GAVE AN ERRONEOUS JURY INSTRUCTION ON THE DEFINITION OF PRIVILEGE AND FAILED TO INSTRUCT THE JURY ON THE CORRECT STATUTORY DEFINITION OF PRIVILEGE AS IT APPLIES TO THE CRIMINAL TRESPASS STATUTE. AS A RESULT, THE DEFENDANT'S ENTIRE DEFENSE THAT SHE WAS PRIVILEGED TO ENTER THE HOME BASED UPON HER LICENSE OR IMPLIED GRANT TO DO SO AS A RESULT OF HER STATUS, POSITION, OR RELATIONSHIP WITH THE PROPERTY OWNER WAS EFFECTIVELY REMOVED FROM CONSIDERATION BY THE JURY. THIS DEPRIVED THE DEFENDANT OF HER

RIGHT TO A FAIR TRIAL, THE RIGHT TO PRESENT A DEFENSE, AND DUE PROCESS OF LAW.

[II.] THE TRIAL COURT FAILED TO APPLY THE DEFENDANT'S CREDIT FOR TIME SHE HAD ALREADY SERVED ON THE CASE TOWARDS THE JAIL SENTENCE IT IMPOSED. THIS FAILURE VIOLATED R.C. 2949.08 AND THE EQUAL PROTECTION CLAUSE OF THE CONSTITUTION.

{¶ 2} Le Blanc and K.D. had a relationship dating back to 2009. They spent a lot of time together both on a social basis and on a professional level while they worked for Betty Boop Cleaning, a business they started.

{¶ 3} Eventually K.D. became romantically involved with another woman and he discontinued his physical relationship with Le Blanc. Le Blanc kept coming to his residence anyway and took a picture of K.D. and his new girlfriend on his bed. Le Blanc posted the pictures on her facebook page.

{¶ 4} K.D. was concerned, so he purchased surveillance cameras which demonstrated that Le Blanc was in his house on July 22, 2016. This led to the filing of criminal charges.

{¶ 5} Upon being arrested, Le Blanc was interviewed by a police detective. She referred to K.D. as an ex-boyfriend. She acknowledged having keys to K.D's residence and entering it, purportedly to check on the well-being of some cats she considered to be hers which remained at the residence. She claimed that she received mail at K.D's residence and had left some belongings there. She admitted taking the pictures of K.D. and his new girlfriend on the bed, but claimed it was to get him back for posting nude photos of her.

{¶ 6} Turning to the first assignment of error, Le Blanc argues that she had a privilege to enter K.D.'s house. She had no such privilege as defined by R.C. 2901.01(12):

> "Privilege" means an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity.

{¶ 7} While Le Blanc may have had a privilege to enter K.D.'s residence at one point in time, whatever privilege she once had no longer existed by the time she entered the residence on the date charged in the indictment. She had her own residence. She had been

asked to surrender her key and had done so. She had entered the residence on multiple occasions without permission including the day she took personal pictures of her former boyfriend and posted them on facebook.

{¶ 8} Defense counsel for Le Blanc had no viable defense to the charge, given the pictures from the surveillance cameras showing Le Blanc in K.D.'s house. Counsel's attempt to argue privilege was understandable, but not supported by the evidence. The trial court judge would have been within his discretion to refuse to give a charge on privilege. Instead, the judge attempted to give a charge in language understandable for a lay jury. The jury charge given was accurate and was not prejudicial under the circumstances.

{¶ 9} The first assignment of error is overruled.

{¶ 10} At the time of sentencing, the judge required Le Blanc to serve 45 days in custody before community control formally began. Apparently Le Blanc was in jail for 171 days before her formal sentencing. Appellate counsel argues that the 45 additional days required at the time of sentencing should be added to the 171 days to make the whole sentence a violation for the statutory requirement that community control sanctions be 180 days or less.

{¶ 11} Ironically, there is no dispute that the trial court judge could have sent Le Blanc straight from the courtroom to prison to serve the sentence required for a felony of the fourth degree.

{¶ 12} We do not find that the time in pretrial detention counts for purpose of R.C. 2929.16(A) and its six month cap on community control sanctions. Le Blanc was not being sanctioned for violating the terms of a community control. Thus, the pretrial detention was not a community control sanction.

{¶ 13} If Le Blanc violates the terms of her community control and is sent to prison, she will have to be credited with the 171 days of pretrial confinement and the 45 days she was ordered to be held between her sentencing date and her release from custody into community control. The office of the Franklin County Sheriff would have a statutory duty to report those 216 days to the Ohio Department of Rehabilitation and Correction. A trial court judge cannot order the local sheriff to disregard that statutory duty. With that additional observation, the second assignment of error is overruled.

{¶ 14} Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BRUNNER, J., concurs.
KLATT, J., concurs separately.

KLATT, J., concurring separately.

I agree that the trial court's judgment should be affirmed. However, I write separately because I would find that the appellant's second assignment of error is moot. Appellant has already served the full 45-day sentence. Therefore, there is no remedy this court can provide with respect to that sentence, which is what appellant challenges in her second assignment of error. *See State v. Jama*, 10th Dist. No. 17AP-569, 2018-Ohio-1274, ¶ 13.