[Cite as *State v. Delauder*, 2019-Ohio-1678.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

AMY J. DELAUDER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 CO 0028**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2015 CR 347

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Dismissed

---

*Atty. Robert Herron*, Columbiana County Prosecutor and *Atty. Ryan P. Weikart*, Assistant Prosecuting Attorney, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee and

*Amy Delauder*, Pro Se, W-094420, Northeast Reintegration Center, 2675 East 30th Street, Cleveland, Ohio 44115, Defendant-Appellant.

Dated: May 1, 2019

---

**D'APOLITO, J.**

{¶1} Appellant, Amy J. Delauder, appeals from the August 10, 2018 judgment of the Columbiana County Court of Common Pleas, denying in part her pro se motion to correct the calculation of jail-time credit. Appellant was sentenced to nine months in prison in this case, Case No. 2015 CR 347, for each of three counts of possession of drugs, which was ordered to be served concurrently with each other and concurrently with a 36-month prison sentence imposed against her in another Columbiana County case, Case No. 2014 CR 436, on one count of possession of drugs. Because Appellant has served her full sentence and has been released from prison, this appeal is moot. Accordingly, this appeal is dismissed as moot.

## FACTS AND PROCEDURAL HISTORY

{¶2} On August 12, 2015, Appellant was secretly indicted by the Columbiana County Grand Jury on three counts of possession of drugs, felonies of the fifth degree, in violation of R.C. 2925.11(A). Appellant initially pleaded not guilty at her arraignment.

{¶3} Thereafter, Appellant entered into a plea agreement with Appellee, the state of Ohio. A change of plea hearing was held on November 2, 2015. Appellant withdrew her former not guilty plea and entered a guilty plea to the three charges contained in the indictment. The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11.

{¶4} The trial court held a sentencing hearing on January 7, 2016. The court sentenced Appellant to nine months in prison on each of the three counts, to be served concurrently for a total sentence of nine months. The court also ordered Appellant's sentence to run concurrently with the 36-month sentence in her 2014 case. Additionally, the court granted Appellant nine days of jail-time credit plus any future days of credit while awaiting transport to Marysville Correctional Facility for Women.

Case No. 18 CO 0028

**{¶5}** On August 2, 2016, Appellant filed a pro se motion for judicial release. The trial court denied her motion three days later, finding it was precluded from granting it pursuant to R.C. 2929.20(J)(1).

**{¶6}** On July 23, 2018, Appellant filed a pro se motion to correct jail-time credit. Appellant requested one day of credit from August 20, 2015 to August 20, 2015 in this case. Appellant also requested 23 days of credit from January 7, 2016 to January 29, 2016 in this case and in her 2014 case. Thus, Appellant essentially asserted that she was entitled to double-credit for time served on the concurrent sentence, i.e., 23 days of jail-time credit in both cases for a total of 46 days.

**{¶7}** In its August 10, 2018 judgment entry, the trial court discovered that Appellant was not in custody in this case for nine days as previously determined and that it had erroneously granted Appellant eight extra days of jail-time credit. The court corrected its error and granted Appellant one day of jail-time credit for time served prior to sentencing. Appellant filed a timely pro se appeal and raises the following assignment of error:

## ASSIGNMENT OF ERROR

**"THE TRIAL [COURT] ERRED AS A MATTER OF LAW IN DENYING DEFENDANT 23 DAYS OF JAIL TIME CREDIT FROM THE DATE OF SENTENCING, JANUARY 7, 2016, UNTIL SHE WAS TRANSPORTED TO PRISON, JANUARY 29, 2016, BECAUSE SHE WAS SIMULTANEOUSLY HELD IN JAIL ON ANOTHER CRIMINAL CASE. THE DENIAL OF HER JAIL TIME CREDIT IS A VIOLATION OF DEFENDANT'S RIGHTS UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."**

**{¶8}** "Courts have generally held that once the defendant has been released from prison, the merits of arguments relating to the trial court's calculation of his jail-time credit become moot. *See State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 859 N.E.2d

928, 2006-Ohio-6572, ¶ 6; *see also Sper v. Gansheimer*, 11th Dist. Ashtabula No. 2003-A-0124, 2004-Ohio-2443, ¶ 4.

**{¶9}** "Mootness upon release from confinement is a general rule with exceptions, such as where the claim is 'capable of repetition, yet evading review.'" *State v. McKeever*, 7th Dist. Mahoning No. 17 MA 0038, 2017-Ohio-9387, ¶ 8-9.

**{¶10}** This court takes judicial notice of the Ohio Department of Rehabilitation and Correction website which reveals Appellant was released from prison on December 27, 2018, after serving her full sentence. *Id.* at ¶ 10, citing *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 139 Ohio St.3d 433, 2014-Ohio-2348, 12 N.E.3d 1187, ¶ 2. Since this appeal involves solely the calculation of jail-time credit, and there is no reasonable expectation that Appellant will be subject to this same action again, the entire appeal is moot. *Id.* "'The proper response to a moot appeal is the dismissal of the appeal.'" *McKeever* at ¶ 10, quoting *Freedom Mtge Corp. v. Boston*, 7th Dist. Columbiana No. 14 CO 0036, 2016-Ohio-7016, ¶ 9, citing *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm.*, 103 Ohio St.3d 398, 2004-Ohio-5466, 816 N.E.2d 238, ¶ 28.

**{¶11}** Accordingly, this appeal is dismissed as moot.


Donofrio, J., concurs.

Waite, P.J., concurs.


Case No. 18 CO 0028

---

For the reasons stated in the Opinion rendered herein, the assignment of error is moot. Appeal is dismissed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**