[Cite as *State v. Nixon*, 2019-Ohio-4322.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NOS. 2019-P-0037** |
| - vs - | : | **2019-P-0039** |
| DAVID A. NIXON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Portage County Court of Common Pleas, Case Nos. 2016 CR 00394 and 2016 CR 00496.

Judgment: Appeals dismissed.

*Victor V. Vigluicci,* Portage County Prosecutor and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266 (For Plaintiff-Appellee).

*David A. Nixon,* 143 Fell Avenue, Northfield, Ohio 44067 (Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1}   Appellant, David A. Nixon, appeals the March 12, 2019 judgment denying his motion for jail-time credit.  We dismiss.

{¶2}   Nixon pleaded guilty in February of 2017 to one count of domestic violence and one count of violating a protection order.  His convictions arose via separate criminal cases that were consolidated for sentencing.  Nixon was granted judicial release, which was subsequently revoked.

{¶3} Although he did not directly appeal his convictions, Nixon did appeal the trial court's nunc pro tunc sentencing decision. We reversed and vacated that judgment because the trial court improperly used the nunc pro tunc to make necessary consecutive sentencing findings that were otherwise absent. *State v. Nixon*, 11th Dist. Portage No. 2018-P-0040, 2019-Ohio-1502.

{¶4} In the meantime, Nixon filed a motion for jail-time credit on February 26, 2019, which the trial court overruled. Nixon now appeals the March 12, 2019 decision and seeks his release from prison. He raises one assignment of error:

{¶5} "The trial court erred to the substantial prejudice of the Defendant-Appellant in failing to make an accurate determination as to how many days the Defendant-Appellant had actually been incarcerated arising out of the community control violations and by failing to credit those days to the two one-year concurrent prison terms that were imposed on Sept. 7, 2018 for the violations."

{¶6} Nixon contends the trial court erred in failing to credit him with 172 days of jail-time credit, and as a result, he claims to have served more than the imposed sentence and is entitled to be immediately released.

{¶7} Regardless of his argument, the Ohio Department of Rehabilitation and Correction website establishes that Nixon was released from prison on August 13, 2019 and that he is now under the supervision of the Adult Parole Authority. https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A694305 (accessed Sept. 9, 2019). *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 139 Ohio St.3d 433, 2014-Ohio-2348, 12 N.E.3d 1187, ¶ 2, fn. 1, citing *Pewitt v. Lorain Correctional Inst.*, 64

Ohio St.3d 470, 1992-Ohio-91, 597 N.E.2d 92 (1992) ("[A]n event that causes a case to become moot may be proved by extrinsic evidence.").

{¶8} Once an offender completes his prison sentence, any alleged error regarding the calculation of jail-time credit becomes moot since no controversy remains to be litigated, and there is no available remedy to be granted. *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, 859 N.E.2d 928, ¶ 6; *State ex rel. Compton v. Sutula*, 132 Ohio St.3d 35, 2012-Ohio-1653, 968 N.E.2d 476, ¶ 5; *State v. Rhymer*, 12th Dist. Butler No. CA2018-01-014, 2018-Ohio-2669, ¶ 8.

{¶9} Because these appeals arise solely from trial court's decision denying Nixon's motion for jail-time credit, the appeals are moot because he has already been released. *Id.*

{¶10} Appeals dismissed.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.

3