[Cite as *State ex rel. Massimiani v. Ohio Adult Parole Auth.*, 2024-Ohio-1181.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Brian Massimiani, :

   Relator, :

                No. 23AP-371

v. :

[Ohio] Adult Parole Authority, : (REGULAR CALENDAR)

   Respondent. :

---

D E C I S I O N

Rendered on March 28, 2024

---

**On brief:** *Brian Massimiani*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Andrew Gatti*, for respondent.

---

IN MANDAMUS
ON MOTION FOR SUMMARY JUDGMENT

BOGGS, J.

{¶ 1} Relator, Brian Massimiani, has filed this original action seeking a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("OAPA"), to grant him an additional 43 days of jail-time credit. OAPA has filed an answer and a motion for summary judgment, to which relator has not responded.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the action on the merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto.

{¶ 3} The magistrate concluded that relator's claim for jail-time credit is moot because the materials OAPA submitted in support of its motion for summary judgment demonstrate that relator was released from incarceration on August 29, 2023. *See State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 139 Ohio St.3d 433, 2014-Ohio-2348, ¶ 2, citing

*State ex rel. Gordon v. Murphy,* 112 Ohio St.3d 329, 2006-Ohio-6572, ¶ 6 (An offender's action in mandamus for jail-time credit is moot when the offender has served the full term of incarceration). Further, to the extent relator's petition could be construed as seeking relief in mandamus on the basis of double jeopardy, the magistrate concluded that relator had an adequate remedy at law, because alleged violations of double jeopardy may be addressed through direct appeal. Accordingly, the magistrate recommends that the court grant OAPA's motion for summary judgment and deny relator's request for a writ of mandamus.

{¶ 4} No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

{¶ 5} Upon review, we find no error in the magistrate's findings of fact or conclusions of law. We therefore adopt the magistrate's decision, including the magistrate's findings of fact and the conclusions of law, as our own. In accordance with the magistrate's decision, we grant OAPA's motion for summary judgment and deny relator's request for a writ of mandamus.

*Respondent's motion for summary judgment granted; writ denied.*

MENTEL, P.J. and JAMISON, J., concur.

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Brian Massimiani,               :

          Relator,                            :

v.                                            :                    No.  23AP-371

                                              :

[Ohio] Adult Parole Authority,                                    (REGULAR CALENDAR)

          Respondent.                         :

                                              :

                                              :

MAGISTRATE'S DECISION

Rendered on October 26, 2023

*Brian Massimiani,* pro se.

*Dave Yost,* Attorney General, and *Andrew Gatti,* for respondent.

IN MANDAMUS
ON MOTION FOR SUMMARY JUDGMENT

{¶ 6} Relator, Brian Massimiani, has filed this original action seeking a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("OAPA"), to grant him 43 days of jail-time credit.

## I. Findings of Fact

{¶ 7} 1. At the time of the filing of this action, relator was incarcerated at Lorain Correctional Institution in Grafton, Ohio.

{¶ 8} 2. OAPA is a division of the Ohio Department of Rehabilitation and Correction ("ODRC"), which is responsible for duties as provided under R.C. 5149.03.

{¶ 9}   3. Relator filed his petition for writ of mandamus on June 20, 2023. In his petition, relator made the following allegations:

> On April 21, 2023, Relator placed the following issue before Respondent: I sent a kite to BOSC then I was redirected to kiting APA. I told them about me being heald in Lakewood and Portage County from Jan 25, 2023-Mar 8th, 2023 for a total of 43 days. I was not credited any of this time towards sanction. I also explained to APA via kite system I was charged twice.
>
> Relator brought this issue to Respondent's attention by: Filing a kite on JPAY to the APA and BOSC.

(Sic passim.) (Petition at 2.)[1] Relator requested "[t]hat a writ of mandamus issue to the Respondent directing them to take action as follows: to credit Relator 43 days of jailtime credit changing Massimianis outdate to July 16, 2023. Please terminate Massimianis PRC on release for violating Massimianis rights of being charged twice 'Double Jeopardy.' " (Sic passim.) (Petition at 4.)[2]

{¶ 10}   4. On July 3, 2023, OAPA filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Relator did not file a response to OAPA's motion.

{¶ 11}   5. On July 24, 2023, the magistrate filed an order denying OAPA's motion to dismiss.

{¶ 12}   6. On August 4, 2023, relator filed a letter stating that he would "get released from LORCI August 29, 2023." (Relator's Aug. 4, 2023 Letter at 1.) Relator asked that the court "terminate my PRC on my release from LORCI Aug[ust] 29th, 2023." (Relator's Aug. 4, 2023 Letter at 1.)

{¶ 13}   7. On August 7, 2023, OAPA filed an answer.

{¶ 14}   8. On September 7, 2023, OAPA filed a motion for summary judgment. Attached to OAPA's motion was the affidavit of Charlene Gregory, correctional records sentence auditor with the Bureau of Sentence Computation, an administrative division of ODRC. Gregory provided a sentence computation letter in response to this mandamus

---

[1] "A 'kite' is a communication 'written by an inmate to a member of the prison staff and is "a means for inmates to contact staff members inside [an] institution." ' " *State ex rel. Mobley v. Ohio Dept. of Rehab. & Corr.*, 169 Ohio St.3d 39, 2022-Ohio-1765, ¶ 2, fn. 1, quoting *State ex rel. Martin v. Greene*, 156 Ohio St.3d 482, 2019-Ohio-1827, ¶ 3, fn. 1, quoting *State v. Elmore*, 5th Dist. No. 16CA52, 2017-Ohio-1472, ¶ 15.

[2] "PRC" is a commonly used abbreviation for "postrelease control." *See State v. Jordan*, 10th Dist. No. 13AP-666, 2014-Ohio-1193, ¶ 3.

action, which was attached to the affidavit. Gregory stated in the affidavit that relator was released on supervision on August 29, 2023. (Respondent's Ex. 1, Gregory Aff. at 2.)

{¶ 15}  9. Relator has not filed a response to OAPA's motion for summary judgment.

## II. Discussion and Conclusions of Law

{¶ 16}  Relator seeks a writ of mandamus ordering OAPA to grant him an additional 43 days of jail-time credit. OAPA argues it is entitled to summary judgment because relator has received the appropriate amount of jail-time credit. OAPA also argues that relator's petition fails due to mootness because relator has been released from incarceration.

### A. Summary Judgment and Mandamus Standard

{¶ 17}  Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 18}  In order for a court to issue a writ of mandamus, a relator must establish (1) the relator has a clear legal right to the requested relief, (2) the respondent is under a clear legal duty to provide the relief, and (3) the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983), citing *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42 (1978). The relator bears the burden of establishing entitlement to a writ of mandamus by clear and convincing evidence. *State ex rel. Ware v. Crawford*, 167 Ohio St.3d 453, 2022-Ohio-295, ¶ 14. "Clear and convincing evidence is 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, ¶ 18, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

### B. Application

{¶ 19}  Here, the materials submitted in support of summary judgment by OAPA reflect that relator was released from incarceration on August 29, 2023. Where an offender

has served the full term of incarceration, an action in mandamus seeking jail-time credit for such offender is rendered moot. *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 139 Ohio St.3d 433, 2014-Ohio-2348, ¶ 2, citing *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, ¶ 6. Furthermore, " '[t]he fact that [an individual seeking jail-time credit] remains on post-release control does not preclude a finding of mootness with regard to jail-time credit.' " *State v. Jama*, 10th Dist. No. 17AP-569, 2018-Ohio-1274, ¶ 16, quoting *State v. Bennett*, 2d Dist. No. 2014-CA-60, 2015-Ohio-2779, ¶ 5, citing *Brown* at ¶ 1-2. Therefore, because relator has been released from incarceration, his claim for jail-time credit is moot.

{¶ 20} Finally, insofar as relator's petition could be construed as seeking relief in mandamus on the basis of double jeopardy, such claim also fails. Alleged violations of the Double Jeopardy Clause of the United States and Ohio Constitutions may be addressed through appeal.[3] Because there exists a valid remedy at law, such claim is not cognizable in mandamus. *State ex rel. Hawk v. Athens Cty.*, 106 Ohio St.3d 183, 2005-Ohio-4383, ¶ 6 (stating that the petitioner's "double-jeopardy claim is not cognizable in mandamus"). *See State ex rel. Dix v. McAllister*, 81 Ohio St.3d 107, 108 (1998); *Borsick v. State*, 73 Ohio St.3d 258, 259 (1995) (finding that "because there is an adequate remedy at law, habeas corpus does not lie for appellant's double-jeopardy claim"); *Wenzel v. Enright*, 68 Ohio St.3d 63 (1993), paragraph two of the syllabus (stating that "the proper remedy for seeking judicial review of the denial of a motion to dismiss on the ground of double jeopardy is a direct appeal to the court of appeals at the conclusion of the trial court proceedings"); *State ex rel. Martin v. Russo*, 8th Dist. No. 96328, 2011-Ohio-3268, ¶ 8 (stating that "appeal, and not mandamus, is the proper remedy for addressing issues of double jeopardy and ex post facto law"); *State ex rel. Thomas v. Gaul*, 8th Dist. No. 109080, 2019-Ohio-5131, ¶ 13. Additionally, the Supreme Court of Ohio has held that " 'jeopardy does not attach when a defendant receives a term of incarceration for the violation of conditions of postrelease control' " because " '[s]uch a term of incarceration is attributable to the original sentence and is not a "criminal punishment" for Double Jeopardy Clause purposes.' " *Clark v. Adult*

---

[3] Historically, Ohio courts have considered the protections afforded by the Double Jeopardy Clauses of the United States and Ohio Constitutions to be coextensive. *State v. Gustafson*, 76 Ohio St.3d 425, 432 (1996). "[T]he Double Jeopardy Clause of each constitution prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *Id.*

*Parole Auth.*, 151 Ohio St.3d 522, 2017-Ohio-8391, ¶ 13, quoting *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, ¶ 26. The court further held that the sanctions imposed for a parole violation were not criminal punishments, because such sanctions were attributable to the original sentence. *Id*. Thus, relator cannot meet the requirements for the issuance of a writ of mandamus on this basis.

## C. Conclusion

{¶ 21} Based on the foregoing, relator cannot establish entitlement to the extraordinary writ of mandamus. Accordingly, it is the decision and recommendation of the magistrate that summary judgment should be granted in favor of OAPA and relator's request for a writ of mandamus should be denied.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.